**STATE of Missouri, Respondent,**

v.

**Jesse HENDERSON, Appellant.**

No. 47892.

Supreme Court of Missouri,

Division No. 1.

March 13, 1961.

Stuart M. Haw, Jr., St. Louis, for appellant.

John M. Dalton, Atty. Gen., J. Richard Roberts, Sp. Asst. Atty. Gen., for respondent.

DALTON, Judge.

Jesse Henderson was convicted of stealing from a person, as charged in an information filed in the Circuit Court of the City of St. Louis, and, in conformity to the verdict of the jury, he was sentenced to six-years' imprisonment in the State Penitentiary. See Sections 560.156 and 560.161 RSMo 1949, as amended Laws 1955, p. 507, and Laws 1957, p. 374, V.A.M.S. He has appealed from the judgment entered against him, but the State contends that this Court has no jurisdiction of the appeal because the appeal was not timely taken.

The transcript on appeal, filed in this Court on July 13, 1960, shows that the jury's verdict was returned on July 30, 1959; that, on the same date, the court by order entered of record granted defendant "to and including September 8, 1959, in which to file a motion for new trial"; that on September 8, 1959, defendant's motion for a new trial was duly filed; that on Friday, September 11, 1959, defendant's motion for a new trial was taken up, considered and overruled; that, on the same day, defendant was granted allocution and duly sentenced in accordance with the jury's verdict to a term of six years in the State Penitentiary; and that, thereafter, on (Tuesday) September 22, 1959, the defendant, by his attorney, filed his notice of appeal to the Supreme Court of Missouri.

The transcript on appeal further shows that, thereafter, on December 18, 1959, defendant was granted 90 days additional time to file transcript on appeal. Thereafter, on February 2, 1960, the defendant by his attorney, filed an application in the circuit court to prosecute his appeal as a poor person. On February 19, 1960, defendant's application was sustained, he was allowed to prosecute his appeal as a poor person and a transcript was prepared, ap-

proved and subsequently filed in this Court, as stated.

The notice of appeal filed in this Court on September 24, 1959, recites, in conformity to the transcript, that the judgment of conviction of defendant of the offense of stealing from a person was entered against defendant on September 11, 1959; and that the notice of appeal was filed with the clerk of the circuit court on September 22, 1959.

On March 16, 1960, defendant by this attorney filed in this Court his application for an extension of time to file transcript, which application stated that defendant's conviction was entered September 14, 1959 and that the appeal was taken on September 22, 1959. The application was sustained by this Court and time for filing transcript was extended to July 18, 1960.

An examination of the records of this Court discloses that no application was timely filed in this Court for a special order of appeal under the provisions of Supreme Court Rule 28.07, 42 V.A.M.S. The notice of appeal filed in the circuit court on September 22, 1959, does not purport to have been filed pursuant to any special order of appeal and, in view of the lapse of time, it is too late for defendant to now obtain such an order. In any event we are governed by the approved transcript filed in this Court.

Unless a notice of appeal in a criminal case is allowed to be filed out of time by a special order of the appropriate appellate court, such notice of appeal must be filed not later than ten days after the judgment appealed from has become final. Supreme Court Rule 28.03; Section 512.050 RSMo 1949, V.A.M.S. State v. Johnson, Mo.Sup., 331 S.W.2d 551, 552. And see Supreme Court Rules 82.04 and 82.05, which became effective April 1, 1960, subsequent to the appeal in this case.

Since it clearly appears from the transcript on file and the records of this Court that the notice of appeal filed in the circuit court on September 22, 1959, was not filed pursuant to a special order of appeal entered by this Court, and since it further appears that such notice was not filed within ten days after final judgment, but was filed out of time, such notice of appeal was not sufficient to vest this Court with appellate jurisdiction of this cause and defendant's appeal must be dismissed. State v. Robbins, Mo.Sup., 269 S.W.2d 27; State v. Parker, Mo.Sup., 310 S.W.2d 923; State v. Morrow, Mo.Sup., 316 S.W.2d 527; State v. Johnson, supra.

The appeal is dismissed.

All concur.