June Charles SIMS, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 28367.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1976.

Motion for Rehearing and/or Transfer
Denied Jan. 31, 1977.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Christopher R. Brewster, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

This is an appeal from an order entered by the trial court denying an "Application to Reopen Motion 27.26 and to Amend the Pleadings" (hereinafter referred to as the subsequent motion) which was filed by appellant (hereinafter referred to as the movant) in connection with a Rule 27.26 motion previously ruled adversely to him.

At the very threshold of appellate review this court is faced with certain basic questions of profound and possibly conclusive significance. What, in fact, was the nature and thrust of the relief sought by movant's subsequent motion? Was the trial court

vested with jurisdiction to "reopen" its judgment entered September 26, 1974, denying movant relief under his Rule 27.26 motion? No easy answers to these questions exist, but those which do necessarily have to be ferreted from the transcript presented on appeal and controlling procedural rules and interpretative case law. With the aforementioned questions in mind, certain facts and events bearing upon their proper answers are hereinafter set forth and chronologized.

Upon conviction of arson, movant was sentenced on December 6, 1971, to forty years imprisonment. He appealed his conviction to the Missouri Supreme Court on the ground that he was denied a fair trial "because of non-disclosure by the prosecution of promises made to material witnesses". This contention was ruled against movant on the ground that it did not "prove itself" and there was nothing in the "record" to support it. Accordingly, movant's conviction was affirmed on direct appeal. *State v. Sims,* 501 S.W.2d 161 (Mo. 1973).

On June 17, 1974, movant filed a pro se Rule 27.26 motion to vacate his sentence. The sole ground asserted therein being that he was "denied effective assistance of counsel". His Rule 27.26 motion was overruled on September 26, 1974, without appointment of counsel or an evidentiary hearing. No timely appeal was taken from the judgment entered by the trial court on September 26, 1974, overruling movant's Rule 27.26 motion.

On or about March 24, 1975, movant apparently advised the trial court that he contemplated or desired to file the subsequent motion heretofore referred to. The trial court, on being so advised, appointed the Office of the Public Defender of the 16th Judicial Circuit to represent movant. On April 16, 1975, movant, with the aid of counsel, filed his subsequent motion, which, as previously noted, was captioned, "Application to Reopen Motion 27.26 and to Amend the Pleadings". The state responded to movant's subsequent motion by filing a pleading captioned, "Motion to Deny Application to Reopen 27.26 Motion", the principal gist of which was that the trial court lacked jurisdiction to reopen the Rule 27.26 motion because the judgment of the trial court entered September 26, 1974, overruling same was a final judgment from which no appeal had been taken. On October 14, 1975, the trial court heard arguments on the respective motions, and, on October 15, 1975, entered "judgment" denying movant's subsequent motion, i. e., his "Application to Reopen Motion 27.26 and to Amend the Pleadings", and sustaining the state's "Motion to Deny Application to Reopen 27.26 Motion".

On October 23, 1975, movant filed a notice of appeal. The notice of appeal, regarding compliance with Rule 81.08(a) that it "specify . . . the judgment or order appealed from . . .", contained the following statement: "Appeal from an order dated October 15, 1975, denying Movant's motion to reconsider original 27.26 motion originally denied on September 26, 1974 or in the alternative, an appeal of the September 26, 1974 ruling despite the untimeliness of the Notice of Appeal."

The avowed purpose of movant's subsequent motion, as determined from its caption, its contents, the argument presented in its support, and the statement contained in the notice of appeal in compliance with Rule 81.08(a), supra, was to reopen, relitigate and have reconsidered, albeit with certain additional grounds claimed, movant's Rule 27.26 motion which had previously been overruled on September 26, 1974, and from which no timely appeal was taken. Having answered the first question posed—that the nature and thrust of movant's subsequent motion was to reopen, relitigate and have reconsidered his Rule 27.26 motion—attention now focuses on the second question posed. Was the trial court vested with jurisdiction to "reopen" its judgment entered September 26, 1974, denying movant relief under his Rule 27.26 motion? On appeal movant blithely ignores this crucial question. The points which movant relies on in his brief, and the arguments tendered in their support, carefully avoid any men-

tion of a jurisdictional problem. On the other hand, the state's brief devotes itself entirely to the jurisdictional problem. The cavalier attitude taken by movant does not shelve the decisive nature of the jurisdictional question.

■ Subparagraph (a) of Criminal Rule 27.26 clearly and succinctly states, inter alia, that ". . . [a] motion filed hereunder is an independent civil action . ." and that "[t]he procedure before the trial court and on appeal is governed by the Rules of Civil Procedure insofar as applicable." Subparagraph (j) of Criminal Rule 27.26 states, inter alia, with equal clarity and succinctness, that "[a]n order sustaining or overruling a motion filed under the provisions of this Rule shall be deemed a final judgment for purposes of appeal . . ." and that "[a]n appeal may be taken from the order entered on the motion as in a civil case . . .". Thus, the concept of finality of judgments is just as viable in Rule 27.26 proceedings as in other types of civil actions. If this were not so, judgments rendered and entered in Rule 27.26 proceedings would hang in abeyance indefinitely and procedural chaos would inevitably result insofar as determining the finality of Rule 27.26 proceedings. No justification can or has been perceived by this court for stamping such obvious chaos with judicial imprimatur.

■ The trial court, for the following reasons, clearly lacked jurisdiction to "reopen" its judgment overruling movant's Rule 27.26 motion. The judgment was a final judgment. Rule 27.26(j), supra. The trial court had thirty days after entry (September 26, 1974) of said final judgment to "reopen" the same. Rule 75.01. After that time it lost jurisdiction to do so. Only a timely after-trial motion could have extended the trial court's jurisdiction to "reopen" the judgment. Rule 81.05. No timely after-trial motion was filed. Perforce, the trial court lacked jurisdiction to "reopen" or "reconsider" movant's Rule 27.26 motion and therefore properly denied movant's request that it do so. *Berry v. Chitwood,* 362 S.W.2d 515, 517 (Mo.1962), *rev'd on other*

grounds; *Halmich v. McCullough,* 534 S.W.2d 842 (Mo.App.1976); *Thompson v. Hodge,* 348 S.W.2d 11, 13 (Mo.App.1961); and *Schenberg v. Schenberg,* 307 S.W.2d 697, 702 (Mo.App.1957). See generally *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 231 (Mo.banc 1969).

■ This court does not have jurisdiction to entertain movant's appeal on his espoused alternative theory that it be considered as an appeal from the original judgment entered September 26, 1974, since no timely appeal was taken therefrom (Rules 81.04 and 81.05) and no special order was timely sought from this court pursuant to Rule 81.07(a) to file a notice of appeal within six months after the judgment became final. *Godsy v. Godsy,* 521 S.W.2d 449 (Mo. App.1975); and *Bank of Thayer v. Kuebler,* 240 Mo.App. 776, 219 S.W.2d 297, 298–99 (1949).

As movant's subsequent motion was framed and raised by him at the trial court level, and treated on appeal, as a motion to reopen the judgment entered September 26, 1974, the availability or non-availability of another type of motion to present or raise part or all of the grounds asserted by movant in his subsequent motion as justiciable issues is not reached by this opinion. Therefore, the decision of this court affirming the judgment entered by the trial court denying movant's subsequent motion is without prejudice to any right movant may have, if any, to utilize a different procedural approach. In the event movant hereafter seeks to do so, judicial resolution of whether such properly lies and, if it does, whether movant is entitled to any relief, will be determinable at that time in accordance with such law and rules as may be applicable and pertinent thereto, and in light of its particular factual context.

Judgment affirmed.

All concur.