STATE ex rel. Melvin WAGNER,
Relator,

v.

Honorable James RUDDY, Judge of the
Circuit Court of the County of St. Louis,
State of Missouri, Division 14, Respon-
dent.

No. 60949.

Supreme Court of Missouri,
en banc.

June 27, 1979.

Roy A. Walther, III, Crouppen, Walther,
Zwibelman, & Walsh, P. C., St. Louis, for
relator.

Mark S. Levitt, Asst. Pros. Atty., Clayton,
for respondent.

WELLIVER, Judge.

Relator Wagner seeks to prohibit respon-
dent trial court from vacating judgment
and sentence entered March 13, 1978, for
the purpose of resentencing the relator.
The sole issue is whether the trial court in a
criminal prosecution retains general juris-
diction to reopen or modify its judgment
after judgment and sentence is entered.
Because we find that such modification and
resentencing would exceed the limits of re-
spondent's jurisdiction, our provisional rule
of prohibition will be made absolute.

On March 28, 1978, the trial court on its
own motion set aside the previous judgment
and sentence and ordered a supplementary
presentence investigation and report. This
report was submitted on May 11, 1978, and
an evidentiary hearing was held on May 26,
1978. At the relator's request, resentencing
was passed until August 25, 1978. On Au-
gust 10, 1978, the relator filed a motion to
dismiss the resentencing and to reinstate
the sentence and judgment of March 13,

1978, on the ground that the court lacked jurisdiction to resentence the relator. The motion was overruled, and the relator then filed his Petition for Writ of Prohibition with the Court of Appeals, Eastern District which denied relief. The relator then filed his Petition for Writ of Prohibition with this court.

Rule 75.01 expressly authorizes a trial court in a *civil* action to "vacate, reopen, correct, amend or modify its judgment for good cause" within thirty days after entry of its judgment. Rule 27.22 authorizes a trial court in a criminal case to arrest or set aside its judgment not later than thirty days after it is entered on either of two grounds: "(1) that the facts stated in the indictment or information do not constitute an offense, or (2) that the court is without jurisdiction of the offense charged." Relator contends that the grounds enumerated in Rule 27.22 are exhaustive of the grounds on which the trial court in a criminal case may set aside its judgment once it is entered. The respondent does not attempt to justify setting aside the judgment in this case on either of the grounds authorized by Rule 27.22, but maintains that the "good cause" standard provided by Rule 75.01 should apply. Respondent reasons that such an application is warranted by Rule 36.04, which provides that where the rules do not provide a specific procedure, "the court shall proceed in any lawful manner consistent with any applicable statute and not inconsistent with these Rules."

Respondent set aside relator's sentence fifteen days after entry of the judgment and sentence. The ground offered for setting aside the relator's sentence is respondent's discovery on March 28, 1978, that the relator gave a misleading explanation of his illegal conduct that appeared in the initial pre-sentence investigation report on which the original sentence was based. The report had shown that the relator's motive and purpose for embezzling money from his employer as charged was to provide "everything he could" for his terminally ill wife. The respondent alleges that information was uncovered concerning how the relator used the embezzled funds that indicated the relator's explanation was false and misleading. Since the thirty day limitation found in Rule 75.01 was met in this case, and assuming without deciding that the "good cause" requirement of that Rule was met, the respondent court's resentencing of relator would be within its jurisdiction if Rule 75.01 is applicable.

There are no cases cited by either party which involve the precise question of when a judgment in a criminal case becomes "final" for the purpose of terminating the jurisdiction of the trial court to modify the sentence imposed. The question of when a judgment becomes a final judgment for the purpose of determining whether it may be appealed is more easily resolved.[1] A judgment in a civil proceeding becomes final for this purpose under Rule 81.05(a) "at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed." If a timely motion for a new trial or for judgment notwithstanding the verdict is filed, "the judgment is not final until disposition of all such motions." Rule 78.04. The judgment in a criminal case is final for purposes of appeal when the judgment and sentence is entered, and a notice of appeal filed in the trial court more than ten days after its entry is ineffective to vest the appellate court with jurisdiction. *State v. Domini,* 391 S.W.2d 206, 207 (Mo.1965) (per curiam); *State v. Lowe,* 365 S.W.2d 613, 614 (Mo.1963) (per curiam); *State v. Henderson,* 344 S.W.2d 96, 97 (Mo.1961); *State v. Johnson,* 331 S.W.2d 551, 552 (Mo.1960) (per curiam); *State v. Morrow,* 316 S.W.2d 527,

---

1. Rule 28.03 provides that an appeal in a criminal case "shall be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." Rule 81.04 provides that an appeal will not be effective unless a notice of appeal is filed with the clerk of the trial court "not later than ten days after the judgment or order appealed from becomes final." It should be noted that the substantive right of appeal is dependent on statute. Mo.Const. art. V, § 5; Rule 81.01; *State v. Harris,* 486 S.W.2d 227, 229 (Mo.1972).

529 (Mo.1958); *State v. Parker,* 310 S.W.2d 923, 924 (Mo.1958); *State v. Robbins,* 269 S.W.2d 27, 29 (Mo.1954). The very term "sentence" has been defined to mean "judgment or final judgment," and a criminal case is not ripe for appeal if no sentence has been pronounced. *State v. Pruitt,* 169 S.W.2d 399, 400 (Mo.1943); *State v. Motley,* 546 S.W.2d 435, 436–37 (Mo.App.1976).

The respondent in the instant case does not dispute that the judgment and sentence entered on March 13, 1978, was immediately appealable. Respondent contends, however, that although a judgment in a criminal case is ripe for appeal immediately upon its entry, this does not negate the continuing power in the trial court to vacate or modify its judgment for thirty days following its entry. No case has been cited to us and diligent search has failed to disclose any case in which it has been held that a "final judgment" in a criminal case means one thing for purposes of appeal and another for purposes of terminating the power of the trial court to modify the judgment.

■ In *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 232 (Mo. banc 1969), we examined the relation between the finality of a judgment for purposes of appealability and for purposes of modifiability by the trial court. In that case, one of several defendants in a malpractice action sought a writ of prohibition against the trial court's modification of an order dismissing the relator as a defendant in the suit. It was held that the order of dismissal was not a final judgment and the trial court therefore had the power to modify it even after the expiration of a thirty day period.

> Logic and justice would seem to indicate that a trial court should be permitted to retain control of every phase of a case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments *until its jurisdiction is extinguished by the judgment becoming final and appealable.* (*Id.* at 232.)

The implication is clear that the appealability of a judgment is one criterion of the extinction of jurisdiction in the trial court.

In *State ex rel. Parks v. Barker,* 567 S.W.2d 130 (Mo. banc 1978), the trial court entered judgment and sentence on July 29, 1977, against the defendant upon a finding that he was guilty of violating the Missouri Wildlife Code. On August 18, 1977, the trial court reconsidered the defendant's motion for a new trial which had been overruled on April 5, 1977, by the operation of Rule 27.20, vacated the earlier judgment and sentence, and sustained the defendant's motion for a new trial. The prosecuting attorney brought an original writ of prohibition in this court to prevent the respondent judge from vacating the original judgment and sentence. The trial court in that case, like the trial court in the instant case, relied on Rule 36.04 and Civil Rule 75.01 to justify its assertion of jurisdiction to modify the judgment within thirty days of its entry. The trial court in that action was found to have exceeded its jurisdiction in reopening the case after final judgment was entered, and the preliminary rule in prohibition was made absolute.

■ *State ex rel. Berbiglia v. Randall,* 423 S.W.2d 765 (Mo. banc 1968) was a proceeding in prohibition to prevent the respondent judge from enforcing a judgment entered January 17, 1967, which purported to alter a final judgment favorable to relator entered five and one-half months earlier in a civil action brought by relator to cancel a lease. A timely appeal from the first judgment had been taken to this court by intervenor, after motions for a new trial had been overruled by the passage of ninety days. In that case, while we acknowledged that "a judgment may be characterized as final in one sense or for some purposes and not in another sense or for other purposes," we held that when an appeal from a judgment is pending, the judgment is "final in the sense that the court from which the appeal was taken has exhausted its authority and is without jurisdiction to change, vacate or modify the judgment, or to enter another judgment." *Id.* at 768.

In 30A C.J.S. Equity § 582, pp. 647–49, it is said:

> A decree is final when it fully decides and disposes of the whole merits of the cause, and leaves no further questions therein

for the future judgment of the court
. . . .

In order to be final the decree must be complete and certain . . . ; it must show intrinsically and distinctly, and not inferentially, that the matter has been adjudicated; it must contain the sentence of the law. . . .

.   .   .   .   .

The court cannot, by its subsequent action, divest a decree of its character of finality.

*Berbiglia,* 423 S.W.2d at 768; *Irwin v. Burgan,* 325 Mo. 309, 28 S.W.2d 1017, 1021 (1930). The judgment and sentence entered in the instant case on March 13, 1978, fully decided and disposed of all issues of the criminal proceeding against relator. It left no questions for future judgment of the court. It was neither interlocutory nor conditional in any respect. It was a final judgment both for purposes of terminating respondent's jurisdiction and of triggering relator's right to serve notice of appeal.

*State v. Burroughs,* 559 S.W.2d 42 (Mo. App.1977), cited by respondent, is inapposite because the initial sentence announced in that case was not entered as a judgment. *Id.* at 43. Respondent also places reliance on the decision in *Sims v. State,,* 546 S.W.2d 505 (Mo.App.1976), for the proposition that a trial court in a criminal case has jurisdiction to reopen a final judgment for thirty days. The judgment involved in that case was one overruling a motion filed under Rule 27.26. That rule expressly provides that a motion filed thereunder is a separate civil action, to be governed by the Rules of Civil Procedure. Consequently, *Sims* does not carry the import attributed to it by respondent.

While the case at bar is unlike *Berbiglia* and *Parks* in that no motion for a new trial was made and no appeal was pending at the time that respondent issued the order setting aside the judgment of March 13, 1978, we find no reason to apply a different rule as to the finality of that judgment for the purpose of terminating the power in the trial court to vacate or modify it. We believe that the trial court had exhausted its jurisdiction upon entry of the judgment and sentence of March 13, 1978. We hold that respondent court exceeded its jurisdiction in entering the order on March 28, 1978, setting aside relator's sentence, and this order is void and should be stricken from the record.

We find it unnecessary to rule on the question of whether resentencing of relator would infringe upon his constitutional right against being placed in double jeopardy for the reason that we have held respondent to be without jurisdiction to alter the judgment and sentence after it was rendered.

In the light of our holding, it is unnecessary to rule on relator's motion to strike those portions of respondent's brief dealing with allegations of deception and fraud, which motion was taken with the case.

The provisional rule in prohibition heretofore issued is hereby made absolute.

All concur.