**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Dr. Harry WERBIN,
Defendant-Appellant.**

**No. KCD 30220.**

Missouri Court of Appeals,
Western District.

March 3, 1980.

Rehearing Denied April 7, 1980.

Patrick Faltico, Kansas City, for defendant-appellant.

John Ashcroft, Atty. Gen., Donna Bowles, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This case is before this court in the form of an appeal because of the trial court's refusal to stay appellant's sentence and to permit appellant to withdraw his plea of guilty. Interposed is a motion by respondent to dismiss the appeal for lack of jurisdiction as untimely. The motion of respondent is sustained.

Appellant, who was an osteopathic physician licensed in Missouri, Oklahoma and California, was charged, by indictment, with five counts of having unlawfully sold and prescribed controlled substances.

Preceding the entry of appellant's guilty plea, extensive negotiations took place relative to sentencing and probation in exchange for his plea. The date was set for the acceptance of appellant's plea and during these proceedings, the court sentenced him to ten years on each of the five counts and granted him probation. The court imposed three additional conditions upon appellant's probation. These conditions were: (a) appellant was to surrender his licenses to practice in Missouri, Oklahoma and California; (b) appellant was not, without prior court approval, to seek reinstatement of his Missouri license during the period of probation and (c) appellant was not to associate with one Dr. Jack Marvin.

When these conditions were made known, appellant requested and was granted a recess. Upon his return to the court, his plea was accepted and sentence imposed. This action took place April 17, 1978. On April 27, 1978, appellant filed his motion for stay of sentence or leave to withdraw plea of guilty. This motion was taken up and after evidence was received, the trial court denied the motion. This action took place on May 4, 1978. On May 12, 1978, appellant filed this appeal from the trial court's order.

Prior to oral argument before this court, respondent filed its motion to dismiss the appeal for lack of jurisdiction. The respondent's challenge to this court's jurisdiction was premised upon the following: (a) Judgment and sentence were entered April 17, 1978, and the appeal as of May 12, 1978 therefrom was untimely, and (b) The court is without jurisdiction because the relief sought was the reversal of the denial of appellant's post-conviction motion, to withdraw his plea of guilty, and the same is not a subject for appeal because the trial court had lost jurisdiction to entertain or rule upon the motion.

During the course of oral argument, appellant's counsel requested this court to construe the relief sought as being in the nature of relief sought pursuant to Rule 27.26, and argued this appeal is an appeal from denial of relief sought by way of motion under Rule 27.26. This court is not persuaded to adopt appellant's suggestion, for the record fails to show appellant in either form or substance has complied with Rule 27.26. The record fails to reflect that the motion from which this appeal was taken was truly filed in the nature of and in conformity with Rule 27.26. What, in fact, is sought herein, is permission to withdraw his guilty plea because he was dissatisfied with the conditions of probation. This relief was sought after the trial court lost jurisdiction in the matter and no timely appeal was filed.

■ When the trial court entered judgment and sentence in the criminal proceeding, the judgment became final for purposes of appeal and appellant had 10 days within which to file his notice of appeal, *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692 (Mo.banc 1979). The notice of appeal was filed more than 10 days after judgment and sentence. The finality of the judgment was not postponed by the filing of the motion to withdraw the guilty plea because after-trial motions in a criminal proceeding must be filed before judgment and sentence under Rule 27.20.

■ As regards post-conviction relief, Rule 27.26 prescribes the manner in which such relief shall be sought in our courts. This rule provides that proceedings under Rule 27.26 are independent *civil* proceedings which should be separately docketed. The present motion was not filed in conformity with Rule 27.26, nor was it so treated by the trial court, and it cannot now be "judicially converted" into a form foreign to the original purpose.

More directly on the issue is the rule found in *State v. Myers*, 588 S.W.2d 236 (Mo.App.1979), wherein the court held, at 236, "While the express Rule 27.25 allows a motion to withdraw a plea of guilty *after sentence* to correct a manifest injustice, the normal scope of the procedure is meant to

apply 'only before sentence is imposed.' " The court went on further to state, "An application to withdraw a plea of guilty after imposition of sentence is an attack on the validity of the sentence within Rule 27.26." The court also held, at 237, "The contention by the defendant that the sentence was imposed upon a plea of guilty both involuntary and induced by an unhonored plea bargain is most aptly determined by a hearing on a Rule 27.26 petition."

The trial court lost jurisdiction when the judgment and sentence were entered, see *State ex rel. Wagner v. Ruddy, supra.* Further, as shown herein, the above motions were not filed or treated pursuant to the provisions of Rule 27.26. Under *State v. Myers, supra,* the remedy available is by proper motion pursuant to Rule 27.26. This appeal was filed more than 10 days after the judgment and sentence was entered, and this court does not have jurisdiction.

Respondent's motion to dismiss is sustained, but without prejudice to permit of further proceedings by a Rule 27.26 motion.

All concur.