STATE of Missouri, Respondent,

v.

Rocky L. GILMORE, Appellant.

No. WD 31950.

Missouri Court of Appeals,
Western District.

May 4, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 2, 1981.

Application to Transfer Denied
July 14, 1981.

Roger M. Baron, Tuscumbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

CLARK, Judge.

Rocky L. Gilmore appeals denial of motions filed to obtain relief from consecutive sentences of seven years for burglary and five years for stealing. Gilmore had entered pleas of guilty to the offenses April 21, 1975, imposition of sentence was suspended and he was placed on probation for five years. Gilmore subsequently was found to have violated his probation, it was revoked and the sentences were imposed May 3, 1979. The motions here in question were filed November 19, 1979.

Post-sentence proceedings, commencing with Gilmore's motions, conform to no recognized or conventional form and ignore the rules which mandate procedures in such cases. The first motion filed by Gilmore's attorney sought leave to withdraw the guilty pleas, claimed manifest injustice and was presumably grounded on then Rule 27.-25, now Rule 29.07(d). The motion asserted that Gilmore had not been aware of potential consecutive sentences, he did not understand that time on probation would not be credited against his sentence and he further claimed that juvenile court jurisdiction had not been properly relinquished.

In the same motion, Gilmore alternatively claimed that his sentence should be reduced by his unsuccessful period of probation and he asserted that imposition of consecutive sentences was "unconstitutionally, unjustly and unlawfully ordered." The latter allegations specified no factual or legal grounds to support the relief claimed which was for correction of the sentence and not to justify withdrawal of the guilty pleas. Compounding the confusion is the fact that the motions were filed and subsequent proceedings were recorded in the original criminal case. Although the original motion signed only by counsel was later supplemented by a pleading entitled "Affidavit In Compliance With Rule 27.26" and signed by Gilmore, such compliance is quite apparently dubious.

An evidentiary hearing was provided Gilmore on the motions and on June 2, 1980, the trial court entered findings and denied the motions. That order included the recitation that upon agreement of the parties, the proceeding was considered to have been governed by Rule 27.26. Despite that observation and a gratuitous realignment of the parties in the style of the case, this appeal is in fact prosecuted from an order entered post judgment in the criminal case long after the trial court had lost jurisdiction.

In briefs and argument, neither party here has raised any procedural objection to the method employed for presenting Gilmore's challenge to his sentence. The original claim to withdraw the guilty pleas has not been pursued, the contention subsequently having emerged that Gilmore seeks only an aggregate sentence of no more than seven years and consideration of credit for time spent on probation. All other factual allegations and legal contentions of the pleadings were tacitly abandoned before the evidentiary hearing which focused on Gilmore's assertion that he was misinformed or uninformed as to the prospective sentence at the time his pleas were accepted and probation was granted.

■ Briefing and argument here add little to extricate the case from previous deficiencies. At the evidentiary hearing, the sole contention developed by testimony was that failure to inform Gilmore of potential consecutive sentences on revocation of probation resulted in lack of a knowing and voluntary plea, a circumstance which would, of course, not justify the result urged, imposition of concurrent sentences. That claim, however, has not been briefed or argued here and is thus abandoned. *Herron v. State*, 498 S.W.2d 530, 531 (Mo.1973); *Jones v. State*, 591 S.W.2d 153 (Mo.App. 1979).

On this appeal, in his primary point, Gilmore asserts that the trial court erred in failing to find the information charging the offenses to have been defective thereby vitiating the conviction and sentence. Secondly, he complains that no findings were entered by the trial court on the claim for sentence credit as to all or part of the probation term. Although neither of these points was set out in Gilmore's motion, the subjects were addressed in the memorandum ruling by the trial court apparently because Gilmore's attorney offered arguments on the issues.

■ The jurisdictional question, which we consider sua sponte, is without reported precedent. There is no doubt that Rule 27.26 was promulgated with the intent that the procedure there mandated is the exclusive remedy available to a prisoner in custody who seeks relief from a sentence on constitutional grounds or because the sentencing court was without jurisdiction. *Hindman v. Crouch*, 560 S.W.2d 874 (Mo. banc 1978). The rule itself requires substantial compliance with the appended form. Rule 27.26(c). Proceedings to withdraw guilty pleas or to vacate sentences contemplate an orderly lawyer-like presentation of issues. *Davis v. State*, 442 S.W.2d 510 (Mo.1969); *State v. Rector*, 547 S.W.2d 525 (Mo.App.1977). The cause is an independent civil action governed by the rules of civil procedure, *State v. Edmondson*, 438 S.W.2d 237, 242 (Mo.1969), and is thus not appropriately engrafted on the original criminal case.

The motion as originally filed on Gilmore's behalf bears no indication that counsel was aware of or was attempting to pursue a remedy under Rule 27.26. Before the evidentiary hearing commenced, however, discussion was had among counsel, Gilmore and the court at which time it was unequivocally established that Gilmore intended and understood the nature of the proceeding to be that available to withdraw a guilty plea or, alternatively, to correct sentence, and that procedures of Rule 27.26 controlled. The state concurred in the understanding and all proceeded thereafter on that basis.

In *State v. Werbin*, 597 S.W.2d 663 (Mo. App.1980), this court dismissed an appeal from an order in a criminal case denying Werbin's motion to withdraw his plea of guilty. That motion had been filed after imposition of sentence and the appeal from the adverse ruling was lodged out of time as measured by post-judgment rules in criminal causes. Werbin urged that his motion be regarded as one filed under Rule 27.26, thus avoiding the jurisdictional defect also noted in the subject case. In *Werbin*, however, unlike the present case, "judicial conversion" of a post-sentencing motion in the criminal case to an independent civil action under Rule 27.26 was advocated for the first time on appeal. Also in *Werbin* the jurisdictional defect was asserted by the state as ground for dismissal of the appeal.

The present case is distinguishable from *Werbin* in that here the nature of the proceeding was expressly defined before the evidentiary hearing commenced. Additionally, the state was not only informed, but acquiesced in a de facto revision of the defective pleadings and inappropriate docketing. Dismissal of this appeal on jurisdictional grounds would necessarily entitle Gilmore to renew his claims in a proper action under Rule 27.26 without expectation that an additional motion and hearing would generate any different record from that now before this court.

With the admonition that repeated procedural deficiencies of this character may well subject other parties to fruitless and wasteful litigation by dismissal of appeals, the court in this case accepts the cause as though properly brought under Rule 27.26. Concomitantly, Gilmore will be bound by the result without regard to the irregularity of procedure.

■ As to Gilmore's first point, the failure of the information to charge separately the two offenses of burglary and stealing, the applicable statute at the date of the offense was § 560.110, RSMo 1969. Under that statute, it has repeatedly been held that burglary and stealing in connection with the burglary may be charged in one

information and in one count. *State v. Bursby*, 395 S.W.2d 155 (Mo.1965); *Britt v. State*, 587 S.W.2d 638 (Mo.App.1979). Despite this well established proposition, Gilmore contends that an information charging burglary and stealing must set out the elements of each offense independently. He cites in support *State v. Vandergriff*, 403 S.W.2d 579 (Mo.1966).

*Vandergriff* involved a two-count information which separated the offenses in the two counts. The opinion held the first count as to burglary deficient for want of allegations that the building entered was one in which goods of value were kept and that entry was accomplished with intent to steal those goods. The deficiencies in the first count were not supplied by allegations in the second which failed to allege that the articles were stolen from the building entered or that entry was effected with the intent to appropriate those goods.

The opinion in *Vandergriff* has no application to the present case or the contention of Gilmore. The single-count information here plainly alleged that the dwelling Gilmore entered forcibly contained goods of value and that Gilmore burglarized the dwelling with the intent to steal the contents. While Gilmore argues that the information could be interpreted to charge that the goods were stolen from another location or by another party, the contention is refuted by the plain language of the charge. Moreover, a single accusation of burglary and stealing limits the stealing to an offense dependent on the burglary thus foreclosing any possibility that the locale of the stealing could have been elsewhere. *State v. Lewis*, 599 S.W.2d 94, 100 (Mo.App.1980).

Gilmore next contends that the information was defective because it did not set out the range of punishment and included no citation to the statutes defining the offenses. While Rule 23.01(b)4 now requires citation of the statutes alleged to have been violated and the penalty statutes applicable, Rule 24.01 which first initiated the citation requirement was effective January 1, 1977, some two years after the information was filed in this case. Additionally, the transcript of the guilty plea hearing in this case reflects that Gilmore was there interrogated as to knowledge of the punishment range for each charge, the possible sentences were described and he expressed his understanding of the sentences which could be imposed.

In his second point, Gilmore argues that the court erred in failing to make findings as to his claim for credit on his sentence commensurate with all or part of the time spent on probation. The substance of the complaint is that the court did not at the time sentence was imposed and did not in ruling on the post-sentencing motion indicate that such credits had been considered. As relief here, he asks that this court grant the credits to reduce the time remaining to be served.

Even in the convoluted presentation and tenuous theories advanced to support a claim for reduction of Gilmore's sentence, no arguable basis to afford relief on this latter ground is posed. Under prior and current statutes on the subject, § 549.-101, RSMo 1969 and § 559.036, RSMo 1978, mitigation of sentence by credit for time spent on probation is completely within the discretion of the trial court. A failure to award such credit is not a defect of constitutional or jurisdictional statute cognizable under Rule 27.26. *Neighbors v. State*, 515 S.W.2d 792 (Mo.App.1974).

The judgment is affirmed.

All concur.