**STATE of Missouri, Respondent,**

v.

**Jonny B. TROTTER, Appellant.**

No. WD 70552.

Missouri Court of Appeals, Western District.

Feb. 16, 2010.

Jonny B. Trotter, Cameron, MO, Acting pro se.

Chris Koster, John M. Reeves and Shaun J. Mackelprang, Jefferson City, MO, for Respondent.

Before: THOMAS H. NEWTON, C.J., LISA WHITE HARDWICK, and CYNTHIA L. MARTIN, JJ.

THOMAS H. NEWTON, Chief Judge.

Mr. Jonny B. Trotter appeals the motion court's dismissal of the motion requesting a ruling on a *pro se* Rule 24.035 motion for post-conviction relief. We dismiss the appeal.

## Factual and Procedural Background

Mr. Trotter pled guilty to two counts of forgery in May 2004; he was sentenced to consecutive terms of imprisonment. In 2008, at the end of the first sentence, Mr. Trotter wrote a letter to the sentencing court, inquiring about a ruling on a *pro se* Rule 24.035 motion that he believed was timely filed. On July 14, 2008, Mr. Trotter filed a "Request for Ruling on Motion to Set Aside Judgment and Sentence" ("motion for ruling"). In the motion for ruling he stated that his counsel filed a post-conviction relief motion "on or about August 5, 2004." He also claimed to possess only a handwritten draft of the *pro se* motion and not the typed copy filed with the court.

On August 4, 2008, the motion court dismissed the motion for ruling because it was untimely filed. Uninformed about the decision, Mr. Trotter filed a petition for writ of mandamus requesting an order compelling the motion court to decide the *pro se* motion, and he provided this court with a handwritten copy of that motion. We denied the writ on October 15, 2008.

On November 10, 2008, Mr. Trotter filed a "Motion for Leave to File Belated Pleading, or, in the Alternative, Motion to Reopen Post Conviction Proceedings" ("motion to reopen"). In the motion to reopen, he claimed that his plea counsel told him to prepare a post-conviction relief motion and that once Mr. Trotter completed the *pro se* motion, plea counsel would "resume all responsibilities regarding [his] case, and his pursuit of post-conviction relief." Mr. Trotter further claimed, he "continued to rely on [counsel's] assurances that he would 'take care of' [Mr. Trotter's] post-conviction efforts" because upon sending a completed *pro se* motion to counsel, counsel did not inform him that the documents were not delivered to the court. He provided the motion court with copies of letters [1] he sent to plea counsel and an affidavit, but did not attach the alleged *pro se* motion. Finally, Mr. Trotter asked the court to consider his post-conviction relief claims because he "in no way intended to relinquish or waive any right or claim, and did nothing which could be characterized as intending to delay consideration of his claims." On November 12, 2008, he requested a hearing on the motion to reopen and appointment of counsel.

According to Mr. Trotter, he received notice from the motion court in early December 2008 that his motion for ruling had been dismissed as untimely in August 2008. The motion court sent him a copy of

---

1. These letters included: a letter from his mother addressed to defense counsel dated August 26, 2004; another letter from his mother addressed to Mr. Trotter dated September 2, 2004; a letter from Mr. Trotter addressed to defense counsel asking for status of his post-conviction relief motion dated March 10, 2006; and a letter from the Public Defender's Office stating that the court did not have a record of a *pro se* motion for post-conviction relief filed by Mr. Trotter, dated August 12, 2008.

a docket sheet dated December 2, 2008, reporting the filing and dismissing of the motion for ruling. The docket sheet did not show a ruling on his motion to reopen. Mr. Trotter wrote another letter to the motion court informing it that not all of his filed motions were reflected in the docket sheet sent to him and seeking clarification as to whether the *pro se* motion or the motion for ruling was dismissed as untimely. The letter also inquired about the ruling on the motion to reopen. Subsequently, an updated docket sheet showed an unsigned entry, dated November 12, 2008, denying the motion to reopen. Mr. Trotter appeals.

### Legal Analysis

In his point, Mr. Trotter characterizes the *pro se* Rule 24.035 motion as the motion the motion court ruled to be untimely and argues the timeliness of the *pro se* motion. However, as the State correctly asserts, the motion court did not rule on any Rule 24.035 motion but treated the motion for ruling as an untimely post-conviction motion.

After a defendant pleads guilty to charged offenses, the defendant has an opportunity to withdraw that plea. Rule 29.07(d). The motion to withdraw, however, must be made before sentence is imposed or when imposition has been suspended. *See id.* After that deadline passes, a post-conviction motion that does not comply with Rule 24.035 in form or substance is deemed an untimely post-conviction relief motion. *See State v. Werbin,* 597 S.W.2d 663, 664 (Mo.App. W.D.1980).

Mr. Trotter filed his motion for ruling, which was not a Rule 24.035 motion,[2] several years after he was sentenced, so it was untimely filed.

However, we do not affirm the motion court's dismissal of the motion for ruling because the appeal from that decision was untimely. As the State correctly asserts, an untimely appeal must be dismissed. *Thomas v. State,* 180 S.W.3d 50, 53 (Mo.App. S.D.2005). An aggrieved party has ten days from the date the judgment becomes final in which to file its appeal. Rule 30.01(d). In some cases, the party may file outside of that deadline if he satisfies certain requirements and is granted leave to file a late notice of appeal. *See* Rule 30.03.

Here, the motion court dismissed Mr. Trotter's motion as untimely on August 4, 2008. Treating this decision as a plea court's denial of a post-conviction motion, the judgment became final on September 3, 2008. Mr. Trotter had ten days from that date, until September 15, 2008, in which to file a timely notice of appeal. Mr. Trotter filed his notice of appeal on December 8, 2008, after receiving notice that his motion had been dismissed as untimely. He failed to seek leave to file out of time under Rule 30.03, so his notice of appeal was untimely filed.

We do not address the denial of the motion to reopen because we are confined to review the decision identified in the notice of appeal. *See Schrader v. Quik-Trip Corp.,* 292 S.W.3d 453, 456 (Mo.App. E.D.2009) (stating a judgment could not be

---

2. We cannot treat the motion for ruling as a Rule 24.035 motion because it does not comply with the criteria of Rule 24.035 and the trial court did not treat it as such. *State v. Werbin,* 597 S.W.2d 663, 664 (Mo.App. W.D. 1980) (declining to characterize motion as a proper post-conviction relief motion because the trial court did not treat it that way and the motion did not comply with the requirements of the post-conviction relief rule); *see also Phelps v. State,* 827 S.W.2d 742, 744 (Mo.App. E.D.1992) (characterizing motion as a proper post-conviction relief motion because the trial court treated as such and the motion complied with requirements).

reviewed because it was not identified in the notice of appeal). The notice of appeal identifies the decision being appealed as the August 4, 2008, order dismissing his motion for ruling rather than the November 12, 2008, unsigned docket entry denying his motion to reopen. Additionally, the denial of the motion to reopen is not reviewable because it is an unsigned docket entry and thus not a final and appealable judgment. *See Scott v. State,* 180 S.W.3d 519, 521 (Mo.App. W.D.2006) (finding docket entries with typewritten initials were not final and appealable judgments because they did not satisfy the signature criterion of Rule 74.01(a)). Accordingly, we cannot review the motion court's decision denying his motion to reopen.

## Conclusion

Therefore, we dismiss the appeal.

HARDWICK and MARTIN, JJ. Concur.