**Timothy H. DAVIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 50026.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 17, 1986.

Lenzie L. Leftridge, Jr., Flat River, for appellant.

William L. Webster, John M. Morris, Jefferson City, for respondent.

SNYDER, Judge.

Movant appeals from the trial court's judgment granting the state's motion to dismiss movant's Rule 27.26 motion. Movant sought to have the time he spent at the Southeast Missouri Community Treatment Center as a condition of probation credited toward his prison sentence upon revocation of his probation. The judgment is affirmed.

Movant had pled guilty to two counts of burglary in the second degree and was sentenced to two concurrent three year terms in the custody of the Department of Corrections. The sentences were suspended and he was placed on a five year supervised probation, a special condition of which was movant's commitment to the Southeast Missouri Community Treatment Center at Farmington, Missouri.

Movant remained in this facility from January 18, 1983 until August 25, 1983, a total of 222 days. Movant violated the terms of his probation which was revoked on November 30, 1983. Execution of movant's three year prison sentences was imposed.

The court credited the time movant spent in jail pending disposition of the burglary charges against his three year prison sentence, but did not give him credit for the 222 days he spent in the treatment center.

Movant challenged the denial of the 222 day credit in his Rule 27.26 motion. The trial court, after oral argument, granted the state's motion to dismiss the Rule 27.26 motion without an evidentiary hearing, basing its ruling upon § 558.031.1 RSMo.1978 which provides for credit only for preconviction prison or jail time. The trial court ruled that "participation in a halfway house treatment program does not entail restrictions severe enough to constitute institutional confinement".

Movant appeals from this judgment, citing § 559.026 RSMo.1978 as statutory authority for credit for time spent in a halfway house against a prison sentence imposed after revocation of parole.

Section 559.026 reads:

Except in infraction cases, when probation is granted, the court, in addition to conditions imposed under section 559.021, may require as a condition of probation that the defendant submit to a period of detention in an appropriate institution at whatever time or intervals within the period of probation, consecutive or nonconsecutive, the court shall designate. Any person placed on probation in a county of the first class or second class or in any city with a population of five hundred thousand or more and detained as herein provided shall be subject to all provisions of section 221.170, RSMO, even though he was not convicted and sentenced to a jail or workhouse.

(1) In misdemeanor cases, the period of detention under this section shall not exceed the shorter of fifteen days or the maximum term of imprisonment autho-

**52** 

rized for the misdemeanor by chapter 558, RSMo.

(2) In felony cases, the period of detention under this section shall not exceed sixty days.

(3) If probation is revoked and a term of imprisonment is served by reason thereof, the time spent in a jail, workhouse or other institution as a detention condition of probation shall be credited against the prison or jail term served for the offense in connection with which the detention condition was imposed.

The trial court ruled in part as follows:

The court does find that Section 558.-031.1, RSMo, only provides for credit for preconviction prison or jail time; that participation in a half-way house treatment program does not entail restrictions severe enough to constitute institutional confinement; that Movant's sole ground in his Motion to Vacate that the court failed to give him credit on his sentence for time spent in a drug treatment program while on probation after revocation of said probation does not entitle him to an evidentiary hearing nor to relief under Rule 27.26, V.A.M.R.

There was no error in the trial court's ruling.

 Movant argues that he is entitled to credit for time spent at the halfway house treatment center because it falls within the "other institution" classification in § 559.-026(3). The argument has no merit.

Section 559.026 is the so called "shock probation" statute, the basic purpose of which is to permit the shock of relatively short term imprisonment during long term probation periods. *In re L.L.W.*, 626 S.W.2d 261, 263 (Mo.App.1981); Missouri Criminal Practice, Second Edition, Volume II § 29.5 (1984). Section 559.026(2) limits the period of detention in felony cases to 60 days or less. It is difficult to see how the 222 days claimed by movant could fall within the provisions of the statute.

The comment to § 559.026 further says that: "This provision does not apply to "detention" imposed for purposes of physi-

cal or mental treatment.", reasoning that if the offender should receive treatment in an institution as a condition of probation, there should be no time limit fixed by the court or by statute. Movant was undergoing a drug treatment program at the halfway house treatment center. In these cases the judge retains discretion under § 559.036(3) RSMo 1978 to mitigate any later prison or jail term by all or part of the time the offender was on probation.

 Under § 559.036(3) then, the sentencing court had discretion to give movant credit for the time he spent in the halfway house treatment program, but it chose not to do so. A movant under Rule 27.26 is entitled to an evidentiary hearing only if he pleads facts which, if true, would entitle him to relief, and which are not refuted by the record. In addition, movant must also show that the matters complained of have resulted in prejudice to him. *Deaton v. State*, 705 S.W.2d 70, 76[11] (Mo.App.1985). There is no dispute about the facts in this case. An evidentiary hearing would serve no purpose. The motion court did not err in dismissing the Rule 27.26 motion without a hearing.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.