**Paul James CHATMAN,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 55489.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 7, 1989.

Lew Kollias, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We affirm.

On June 17, 1985, movant pled guilty to two counts of selling marijuana and on August 19, 1985, the court sentenced him to concurrent eight year terms of imprisonment. The court suspended execution of the sentences and placed movant on probation for five years. He was also ordered to serve 120 days in jail as shock detention. On March 29, 1988, the court revoked movant's probation and ordered execution of the previously suspended sentences.

Movant filed a Rule 24.035 motion requesting credit on the sentences for the time he spent on probation. The motion court appointed counsel. After appointed counsel informed the court the motion would not be amended, the court denied the motion without an evidentiary hearing. The court entered findings of fact and conclusions of law. The court stated as its conclusions the following:

1. Mitigation of sentence by credit for time spent on probation is completely within the discretion of the trial court. [*Amsden v. State,* 699 S.W.2d 54, 57 (Mo.App.1985); *See* § 559.036(3), RSMo 1986.]

2. A failure to award such credit is not a defect of [a] constitutional jurisdictional statute cognizable under Rule 27.26. *Neighbors v. State,* 515 S.W.2d 792 (Mo. App.1974) and *State v. Gilmore,* 617 S.W.2d 581 (Mo.App.1981).

3. That Movant/Defendant's sole allegation raises a question of law and does not raise a question of fact. Therefore, an evidentiary hearing is not required. *Thomas v. State,* 605 S.W.2d 792 (Mo. banc 1980).

On appeal, movant argues that he was entitled to an evidentiary hearing. The motion court fully answered this contention in its conclusions. The issue raised was not cognizable under Rule 27.26 and is not cognizable under Rule 24.035, the guilty plea successor rule to Rule 27.26.

JUDGMENT AFFIRMED.

CRANDALL, P.J., and CRIST, J., concur.