Keith HOLMAN, Appellant,

v.

STATE of Missouri, Respondent.

No. 54844.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 25, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 23, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Michael C. Todt, St. Louis, for appellant.

William L. Webster, Atty. Gen., Daryl R. Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Keith Holman appeals from the motion court's denial of his motion for post-conviction relief pursuant to Rule 24.035. In his motion, Holman contended that the trial court erred in denying him credit from his sentence for the time he spent on probation. A Rule 24.035 motion is inappropriate for the relief Holman seeks, therefore, the decision of the motion court is upheld.

On April 27, 1982, Holman pled guilty to one count of stealing in excess of $150. The circuit court suspended imposition of his sentence and placed him on probation for a period of four years. On November 1, 1984, Holman's probation was revoked and he was sentenced to five years imprisonment. The execution of his sentence was suspended, though, and he was placed on three years probation. On June 4, 1987, Holman's probation was again revoked for violating conditions of his probation and the court ordered his sentence executed.

In his pro se Rule 24.035 motion, Holman asserted that the trial court, in failing to take judicial notice of the time he spent on probation and credit it to his sentence, sentenced him to an excessive jail term in violation of his constitutional rights. Counsel was appointed to represent Holman.

The record reflects Holman did not respond to two written requests from appointed counsel for additional information. At a pre-hearing conference the court was advised movant and his attorney decided to proceed on the single ground alleged in the pro se motion with no amendment. The court thereupon denied the motion without evidentiary hearing.

Rule 24.035 provides relief to a person convicted of a felony on a plea of guilty who claims that the judgment imposed violates the law or constitution of this state or the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law. Rule 24.035 is the successor to the old Rule 27.26. Rule 24.035 was enacted to change the timing and procedure followed under Rule 27.26, not the scope or substance of the old rule. Since Rule 24.035 did not go in effect until January 1, 1988, there is little case law involving the new rule. There is, however, adequate authority on the scope and purpose of Rule 27.26 which is helpful in the disposition of the case at bar.

Holman, as the basis for his appeal, contends that the motion court erred when it failed to grant his request to have the time he spent on probation credited towards his sentence. We disagree. Holman's reliance on *State ex rel. Woodmansee v. Appelquist,* 687 S.W.2d 176 (Mo.banc 1985) is misplaced. *Woodmansee* concerned judicial parole granted after a defendant had served seven months of a one year sentence. The statute applicable to parole, § 217.730.1 RSMo. Supp.1984, requires "[t]he period served on parole shall be deemed service of the term of imprisonment...." The Supreme Court held this statute applied to judicial as well as administrative parole.

However, § 559.036(3), RSMo.1986, is dispositive regarding the granting of credit to sentences for time spent on probation. Mitigation of sentences for time spent on probation is completely within the discretion of the trial court. *State v. Gilmore,* 617 S.W.2d 581, 584 (Mo.App.1981). Fail-

ure to allow such credit did not entitle a prisoner to relief under Rule 27.26. *Norman v. State,* 740 S.W.2d 369, 371 (Mo. App.1987). Refusal to grant credit for time spent on probation does not satisfy any of the conditions for relief under Rule 24.035, as they are the same as the conditions for relief under Rule 27.26. Therefore, a Rule 24.035 motion is inappropriate for the remedy Holman seeks.

The decision of the motion court is affirmed.

PUDLOWSKI, C.J., and CRANDALL, J., concur.