Joshua DONALDSON, Appellant,

v.

Larry CRAWFORD, Director, Missouri Department of Corrections, Respondent.

No. SC 88231.

Supreme Court of Missouri, En Banc.

Aug. 21, 2007.

William P. Nacy, Jefferson City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for Respondent.

## PER CURIAM.[1]

### Overview

Joshua Donaldson was convicted of selling a controlled substance. He was placed on probation. While on probation, he was arrested for rape and armed criminal action. He escaped, but was recaptured. He was convicted of escape and was sent to prison for that offense. When he was eligible to be released from prison, he was detained to answer for violation of his prior probation. His probation on the controlled substance offense was revoked, and Donaldson was sent to prison on that offense.

---

1. This Court transferred this case from the Court of Appeals, Western District, after an opinion authored by the Honorable Victor C. Howard. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

Claiming that the time he was detained on the escape charge should be credited to his controlled substance sentence, Donaldson filed this declaratory judgment action to direct the department of corrections to give him that credit. The trial court correctly determined that sections 558.031 and 559.100 [2] provide that the sentencing court, not the department of corrections, determines whether credit should be given when probation is revoked. The judgment is affirmed.

## Standard of Review

*ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993), sets forth the applicable standard of review: When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered. Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. The non-movant is accorded the benefit of all reasonable inferences from the record. The Court's review is essentially de novo. The criteria on appeal for testing the propriety of summary judgment are no different from those that should be employed by the trial court to determine the propriety of sustaining the motion initially. The propriety of summary judgment is purely an issue of law. As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment.

## Section 559.100 is an exception to section 558.031

The primary rule of statutory construction is to ascertain the intent of

**2.** All statutory references are to RSMo 2000.

the legislature from the language used, to give effect to the intent if possible, and to consider the words in their plain and ordinary meaning. The construction of statutes is not to be hyper-technical, but instead is to be reasonable and logical and to give meaning to the statutes. *Lewis v. Gibbons*, 80 S.W.3d 461, 465 (Mo. banc 2002).

Section 558.031.1 provides:

1. A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. *Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense, except:*

(1) Such credit shall only be applied once when sentences are consecutive;

(2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action; and

*(3) As provided in section 559.100, RSMo.*

(Emphasis added.)

Section 559.100 provides:

1. The circuit courts of this state shall have power, herein provided, to place on probation or to parole persons convicted of any offense over which they have jurisdiction, except as otherwise provided in sections 195.275 to 195.296, RSMo, section 558.018, RSMo, section

565.020, RSMo, section 571.015, RSMo, and section 559.115.

2. The circuit court shall have the power to revoke the probation or parole previously granted and commit the person to the department of corrections. The circuit court shall determine any conditions of probation or parole for the defendant that it deems necessary to ensure the successful completion of the probation or parole term, including the extension of any term of supervision for any person while on probation or parole. The circuit court may require that the defendant pay restitution for his crime. The probation or parole may be revoked for failure to pay restitution or for failure to conform his behavior to the conditions imposed by the circuit court. *The circuit court may, in its discretion, credit any period of probation or parole as time served on a sentence.*

(Emphasis added.)

Section 559.100 was enacted prior to section 558.031. *1990 Mo. Laws 778* and *1995 Mo. Laws 599*, respectively. Prior to its amendment, section 558.031 had no exception for cases involving probation under section 559.100. Interpreting this earlier version of section 558.031, this Court said: "[T]his statutory scheme contemplates an administrative and not a judicial determination of the jail time to be credited, with no sharing of jurisdiction between the two branches of government." *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, 425 (Mo. banc 1992). "[Section] 558.031 appears clearly to contemplate that the department, and not the sentencing court, is to be the actor in the crediting of jail time." *Id.* at 424.

 Under section 559.100, the circuit court has discretion as to the awarding of credit for time served on probation. The

amendment to section 558.031 preserves that discretion and clarifies that the circuit court determines whether any credit applies by providing that its provisions do not apply to determinations of credit governed by section 559.100. Moreover, section 559.100 does not limit the circuit court's determination to the sentence imposed after revocation but, instead, applies to any sentence affected by the time spent on probation. This is reflected by the use of the phrase "time served on *a* sentence" rather than the phrase "time served on *the* sentence." Reading the sections together, the time on probation is to be credited as determined by the circuit court under section 559.100 because section 558.031, by its own terms, does not apply.

## Conclusion

The judgment is affirmed.[3]

LAURA DENVIR STITH, C.J., PRICE, TEITELMAN, LIMBAUGH, RUSSELL and WOLFF, JJ., concur.

---

**3.** Because of the Court's resolution of the exception provided by section 558.031, it is not necessary to determine whether the offenses are related.