**Charles NOLTKAMPER, Respondent,**

v.

**James A. GAMMON, et al, Appellant.**

**No. WD 68725.**

Missouri Court of Appeals, Western District.

Aug. 26, 2008.

Andrew W. Hassell, Esq., Jefferson City, MO, for appellant.

Charles Noltkamper, Walsenberg, CO, pro se.

Before ELLIS, P.J., HARDWICK and DANDURAND, JJ.

LISA WHITE HARDWICK, Judge.

James Gammon, Superintendent of the Moberly Correctional Center, appeals from a writ of mandamus ordering the Department of Corrections (DOC) to grant Charles Noltkamper credit against his prison sentence under Section 558.031, RSMo 2000. We quash the writ because the circuit court incorrectly applied the law.

Noltkamper pled guilty to one count of burglary and one count of stealing in Crawford County Circuit Court and was placed on probation on December 23, 2002. He later pled guilty to one count of tampering in Phelps County Circuit Court and was placed on probation on February 3, 2003. The offenses in Crawford County and Phelps County were all committed on October 14, 1999.

On July 21, 2003, Noltkamper pled guilty to a new charge of stealing in Crawford County and was sentenced to a seven-year prison term. That same day, Crawford County revoked his probation on the 2002 convictions and sentenced him to seven years each on the burglary and stealing offenses. On July 29, 2003, Noltkamper was committed to the DOC to begin serving all three sentences concurrently.

Three years later, on September 11, 2006, the Phelps County Circuit Court revoked Noltkamper's probation in the tampering case because the second stealing conviction was a violation of the probation conditions. The court sentenced Noltkamper to a three-year prison term, to be served concurrently with the Crawford County sentences, and ordered a ninety-day credit for the time he spent on probation.

In October 2006, Noltkamper filed an inmate grievance requesting that the DOC grant credit against his Phelps County sentence for the time he served on his second Crawford County stealing offense, from July 29, 2003, to September 11, 2006. The grievance was denied. Noltkamper then filed a petition for writ of mandamus. The court granted the petition, ordering the DOC to award credit against Noltkamper's Phelps County sentence for the three years he served on the Crawford County

sentences. Citing Section 558.031.1 R.S.Mo. (2000)[1] and *Goings v. Missouri Department of Corrections,* 6 S.W.3d 906, 908 (Mo. banc 1999), the circuit court concluded Noltkamper was entitled to such credit because the revocation of his probation in Phelps County resulted from the 2003 Crawford County conviction and, thus, the time in custody was related to his Phelps County conviction. Gammon, as the official representative of the DOC, appeals from the writ.

## STANDARD OF REVIEW

■ ■ Mandamus is an appropriate remedy to require an official to perform a ministerial act. *Burnett v. Kansas City Sch. Bd.,* 237 S.W.3d 237, 238 (Mo.App. 2007). On appeal, the grant of a writ of mandamus is reviewed under an abuse of discretion standard. *Id.* Matters of statutory interpretation are reviewed *de novo. State ex rel. Wolfrum v. Wiesman,* 225 S.W.3d 409, 411 (Mo. banc 2007).

## ANALYSIS

■ ■ Gammon contends the circuit court erroneously applied the law in awarding

Noltkamper prison-time credit under Section 558.031, as applied in *Goings.* Because Noltkamper was actually on probation for the Phelps County tampering conviction during the period for which he seeks credit, Gammon argues that he was only entitled to credit for such probation time under Section 559.100.2 R.S.Mo. (Cum.Supp.2007).[2] We agree, in light of the Supreme Court's recent ruling in *Donaldson v. Crawford,* 230 S.W.3d 340 (Mo. banc 2007).

The facts and arguments in *Donaldson* are very similar to those presented by Noltkamper. Donaldson had been convicted of selling drugs and was sentenced to probation. *Id.* at 341. While on probation, he was arrested for rape and armed criminal action but escaped from custody. He was recaptured, pled guilty to the escape, and was sentenced to prison on that conviction. *Id.* When Donaldson was due to be released on the escape count, the court revoked his probation on the drug sale conviction and sent him to prison. *Id.*

Invoking Section 558.031, Donaldson argued that he should receive credit against

---

1. Section 558.031 provides in relevant part:

   1. A sentence of imprisonment shall commence when a person convicted of a crime in this state is received into the custody of the department of corrections or other place of confinement where the offender is sentenced. Such person shall receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, *when the time in custody was related to that offense,* except:
      (1) Such credit shall only be applied once when sentences are consecutive;
      (2) Such credit shall only be applied if the person convicted was in custody in the state of Missouri, unless such custody was compelled exclusively by the state of Missouri's action; and
      (3) As provided in section 559.100, RSMo.
   (Emphasis added.)

2. Section 559.100.2 provides in relevant part:

   The circuit court shall have the power to revoke the probation or parole previously granted and commit the person to the department of corrections. The circuit court shall determine any conditions of probation or parole *for the defendant that it deems* necessary to ensure the successful completion of the probation or parole term, including the extension of any term of supervision for any person while on probation or parole. The circuit court may require that the defendant pay restitution for his crime. The probation or parole may be revoked for failure to pay restitution or for failure to *conform his behavior to the conditions imposed* by the circuit court. *The circuit court may, in its discretion, credit any period of probation or parole as time served on a sentence.*
   (Emphasis added.)

his drug sale sentence for the three years he had already served on the escape convictions because the two offenses were related. *Id.* at 342, 343 n. 3. The Supreme Court determined that Section 558.031 was not applicable because Donaldson was on probation for the drug offense while he was serving time on the escape conviction. *Id.* at 343. The court applied Section 559.100 in concluding that Donaldson could only receive credit for time he spent on probation and, even then, only at the discretion of the sentencing court. *Id.*

As in *Donaldson,* we need not consider whether the time Noltkamper spent in custody on his second stealing conviction was "related" to his sentence on the tampering conviction for purposes of Section 558.031. *Id.* at n. 3. Section 559.100 is expressly listed as an exception to Section 558.031 and takes precedence in a situation where the defendant seeks credit for "any period of probation or parole as time served on a sentence." Section 559.100.2 R.S.Mo. (Cum.Supp.2007). Under that provision, only the *sentencing court* had discretion to grant Noltkamper credit against his tampering sentence for the time he served on probation. *Id.*

Here, the sentencing court determined that Noltkamper was only entitled to a ninety-day credit for time served on probation. The DOC had no authority to grant further relief. Accordingly, the circuit court erred in ordering the DOC to award Noltkamper additional credit for time served on his second stealing conviction.

The writ of mandamus is quashed.

All concur.