**STATE of Missouri ex rel. Dwight K. SCROGGINS, Jr., Buchanan County Prosecuting Attorney, Relator,**

v.

**The Honorable Daniel F. KELLOGG, Judge of the Circuit Court of Buchanan County, Missouri, Division IV, Respondent.**

**No. WD 73178.**

Missouri Court of Appeals,
Western District.

Feb. 8, 2011.

---

See also, 311 S.W.3d 293.

Ronald R. Holliday, St. Joseph, MO, for relator.

Jeffrey Wayne Cornelius, pro se.

Before Writ Division: CYNTHIA L. MARTIN, Presiding Judge, KAREN KING MITCHELL, Judge and GARY D. WITT, Judge.

CYNTHIA L. MARTIN, Presiding Judge, Writ Division.

This action arises out of the entry of an Order dated October 7, 2010 ("Order"), by the Honorable Daniel F. Kellogg ("Respondent"), which Order granted Jeffrey W. Cornelius ("Cornelius") credit for the time spent by Cornelius on probation from February 13, 2002, until his probation was revoked on June 14, 2004, a total of 852 days. The State of Missouri ex rel. Dwight K. Scroggins, Jr. ("Relator") filed a Petition in Mandamus or in the Alternative for Prohibition and Suggestions in Support on November 16, 2010. By Order dated December 1, 2010, we stayed the force and effect of Respondent's Order until further order of this Court. On December 20, 2010, Respondent filed a Response to Relator's Petition in Mandamus or in the Alternative for Prohibition with Suggestions in Opposition, and a Motion to Dismiss.[1] Having considered these pleadings, we now issue our peremptory writ of prohibition and mandamus,[2] and remand this case with instructions.[3]

**Factual and Procedural Background**

Cornelius was sentenced on February 13, 2002, following a guilty plea to seven years on a charge of first degree burglary and seven years on a charge of first degree assault, with the sentences ordered to be served consecutively. The execution of the sentences was suspended while Cornelius was on probation. On June 14, 2004, Cornelius's probation was revoked. Cornelius was ordered by the Respondent to serve 120 days "shock" time as a condition of his sentence remaining suspended. Upon delivery to the Department of Corrections, however, Cornelius was required to participate in a treatment program. Cornelius did not successfully complete the program. As a result, his suspended sentences were imposed. Cornelius is thus serving a fourteen year sentence in the Missouri Department of Corrections.

On October 7, 2010, Respondent entered his Order granting Cornelius credit for the time spent on probation from February 13, 2002, until the probation was revoked on June 14, 2004, a total of 852 days. Respondent relied on section 559.100.2[4] for the authority to enter his Order.

**Analysis**

In *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 695 (Mo. banc 1979), the Missouri Supreme Court "clearly held that once judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. The trial

---

1. Respondent's pleadings have been prepared and filed by Cornelius, *pro se*. The Motion to Dismiss is denied by this opinion.

2. Rule 84.24(j) permits the court to exercise its judgment in dispensing with such portions of the procedure for the consideration and/or issuance of original writs as is necessary in the interests of justice. We have elected to dispense with the issuance of a preliminary writ of prohibition and mandamus and to dispense with the briefing schedule that would ordinarily thereafter ensue. We are expressly authorized by Rule 84.24(*l*) to issue this peremptory writ without the issuance of a preliminary writ.

3. Respondent's pending Motion for Leave to File Amended Respondent's Response to Relator's Petition in Mandamus or in the Alternative for Prohibition; with Suggestions in Opposition; and Respondent's Motion to Dismiss Both (with amended Exhibits) is denied as moot.

4. All statutory references are to RSMo 2000 as currently supplemented, except as otherwise indicated.

court can take no further action in that case *except when otherwise expressly provided by statute or rule." Simmons v. White,* 866 S.W.2d 443, 445 (Mo. banc 1993) (emphasis added); *see also, State ex rel. Mertens v. Brown,* 198 S.W.3d 616, 618 (Mo. banc 2006).

This principal was reiterated by our court in *State ex rel. Scroggins v. Kellogg,* 311 S.W.3d 293 (Mo.App. W.D.2010) (*Scroggins I*). In *Scroggins I,* Respondent amended Cornelius's judgment and sentence on July 1, 2009, seven years after the judgment and sentence was executed, directing Cornelius's two seven year sentences to run concurrently instead of consecutively. *Id.* at 295. Respondent claimed that Rule 29.05 provided him with the authority to "take further action" in Cornelius's case notwithstanding the final judgment and sentence. Rule 29.05 grants a trial court the "power to reduce the punishment within the statutory limits prescribed for the offense if it finds that the punishment is excessive." In effect, Rule 29.05 permits a trial court to *amend* a sentence via its reduction.

We held that Rule 29.05 only authorizes a trial court to exercise the authority to reduce punishment *imposed by a jury* and even then, only between the time the court receives the jury's verdict and the time the sentencing court pronounces the judgment. *Scroggins I,* 311 S.W.3d at 296. We thus held that Respondent exceeded his authority in relying on Rule 29.05 to amend Cornelius's final sentence. *Id.* We made a preliminary writ of mandamus absolute and ordered Respondent to vacate the amended judgment. *Id.* at 298.

Following issuance of the mandate in *Scroggins I,* Cornelius's counsel filed a

motion with Respondent seeking *credit* against the sentence Cornelius was serving for the time spent by Cornelius on probation. Cornelius claimed that Respondent had the authority to take this action with respect to his final sentence under Section 559.100.2. Respondent agreed and entered his Order affording Cornelius 852 days of credit against his final sentence for the time spent by Cornelius on probation from February 13, 2002, until probation was revoked on June 14, 2004.

■  Section 559.100.2 provides:

The circuit court shall have the power to revoke the probation or parole previously granted and commit the person to the department of corrections. The circuit court shall determine any conditions of probation or parole for the defendant that it deems necessary to ensure the successful completion of the probation or parole term, including the extension of any term of supervision for any person while on probation or parole. The circuit court may require that the defendant pay restitution for his crime. The probation or parole may be revoked for failure to pay restitution or for failure to conform his behavior to the conditions imposed by the circuit court. *The circuit court may, in its discretion, credit any period of probation or parole as time served on a sentence.*

(Emphasis added.) Unlike Rule 29.05 which authorizes *amendment* of a sentence, section 559.100.2 merely permits *credit* against the service of the sentence, an act which does not alter or modify the underlying sentence.[5] Nonetheless, affording credit against a final sentence constitutes "taking further action" with re-

---

5.  In this regard, the authority afforded a circuit court to credit a sentence for the time spent on probation is of no different import than the authority afforded the Missouri De-

partment of Corrections by section 558.031 to afford credit against a sentence for time served on related offenses.

spect to a final judgment and sentence, necessitating a statute or rule expressly authorizing such action. *Ruddy,* 582 S.W.2d at 695. Relator argues that section 559.100.2 does not provide this express authorization and merely permits a circuit court to afford credit for time spent on probation at the time sentence is executed as a result of a probation revocation. Respondent argues that the authority afforded a circuit court by section 559.100.2 is not subject to a temporal constraint and constitutes express authority to afford credit for time spent on probation at any time, even if the sentence is final.

We begin with the uncontested premise that Respondent's authority to take further action in Cornelius's case was exhausted once judgment and sentencing was entered in June 2004 following probation revocation. *Scroggins I,* 311 S.W.3d at 298; *Ruddy,* 582 S.W.2d at 695. We must determine, therefore, whether section 559.100.2 *expressly* authorized Respondent to take further action in Cornelius's case by affording credit for time spent on probation seven years after Respondent's authority over Cornelius's sentence was otherwise exhausted. *Ruddy,* 582 S.W.2d at 695. This is a question of first impression.

The primary rule of statutory construction is to ascertain the intent of the legislature by considering the plain and ordinary meaning of the words used in a statute. *S. Metro. Fire Prot. Dist. v. City of Lee's Summit,* 278 S.W.3d 659, 666 (Mo. banc 2009). Here, the plain language of the final sentence of section 559.100.2 is not ambiguous. Affording the words employed by the legislature in that sentence their common meaning, it is apparent the legislature authorized circuit courts to credit sentences for time spent on probation. This authority, however, is not in dispute. The dispute in this case involves

*when* a circuit court can exercise the authority to afford credit for time spent on probation. The final sentence of section 559.100.2 is silent on this subject. It does not expressly authorize a circuit court to take further action once a judgment and sentence have become final, nor does it expressly deprive a circuit court of the authority to do so. We must look beyond the plain language of the final sentence of section 559.100.2, therefore, to determine the legislature's intent.

When "determining the intent and meaning of statutory language, the words must be considered in context, and sections of the statutes *in pari materia,* as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words." *Bolen v. Orchard Farm R–V Sch. Dist.,* 291 S.W.3d 747, 751 (Mo.App. E.D.2009). The purpose of an entire act must be considered. *Neske v. City of St. Louis,* 218 S.W.3d 417, 424 (Mo. banc 2007).

Chapter 559 is entitled "Probation." The chapter generally addresses terms, conditions, and durations of probation. Section 559.100.1 expressly empowers a circuit court to place on probation or parole a person convicted of any offense over which the court has jurisdiction, except as otherwise provided by statutes therein enumerated. The first sentence of section 559.100.2 expressly empowers a circuit court to revoke probation or parole previously granted and to commit a person to the department of corrections.

Section 559.100.2 continues, authorizing a circuit court to determine "any conditions of probation or parole ... that it deems necessary to ensure the successful completion of the probation or parole term," including requiring a defendant to "pay restitution for his crime." Section 559.100.2 then provides that "[t]he probation or parole may be revoked for failure

to pay restitution or for failure to conform ... behavior to the conditions imposed by the circuit court," authority designed to afford redress for a defendant's failure to comply with conditions imposed pursuant to the authority extended in the immediately preceding sentences. Finally, immediately following the discussion of the court's authority to revoke probation for failure to satisfy imposed conditions, section 559.100.2 provides that a circuit court may exercise its discretion to "credit any period of probation of parole as time served on a sentence."

Reading section 559.100 as a whole, we are left with the firm conviction that the section is intended to describe a court's powers to impose and revoke probation or parole and that the particular matters therein addressed, including the authority permitted a circuit court to afford credit for time spent on probation, were intended by the legislature to apply in the limited context of imposing or revoking probation. We find nothing in section 559.100 which would permit us to read the final sentence of that section as creating "freestanding" authority for a circuit court to afford credit for time spent on probation outside the context of a probation revocation proceeding.

Our construction of section 559.100 is bolstered by analyzing another statute within Chapter 559, section 559.036. Section 559.036 addresses the duration of probation, and describes the process which must be employed by a circuit court to revoke probation.[6] Section 559.036.3 describes a circuit court's options in the event a condition of probation is violated "prior to the expiration of or termination of the probation term." Section 559.036.3

provides, among other things, that a circuit court, following violation of a condition of probation, can "revoke probation and order that any sentence previously imposed be executed." Significantly, the next two sentences of section 559.036.3 provide that "[i]f imposition of sentence was suspended, the court may revoke probation and impose *any sentence available* under section 557.011, RSMo. *The court may mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation.*" (Emphasis added.)

The phrase "any sentence available under section 557.011" includes imprisonment.[7] It is apparent, therefore, that the phrase "any sentence of imprisonment" used in the next sentence was intended to reference the possibility that imprisonment could be imposed as a sentence available under section 557.011. We conclude, therefore, that the legislature intended the authority afforded a circuit court to grant credit for time spent on probation by section 559.036.3 to be exercised, if at all, at the time of a probation revocation proceeding resulting in the imposition of a sentence of imprisonment.

This conclusion is supported by a review of the predecessor to section 559.036, section 549.101 (RSMo 1969). Section 549.101.1 included a sentence which provided that "[t]he court in its discretion may order the allowance in mitigation of the sentence credit for all or for part of the time the defendant was upon *probation or parole.*" (Emphasis added.) Section 549.101 was repealed effective January 1, 1979. Section 559.036 was adopted in lieu thereof as a part of the new Crimi-

---

6. Section 559.036 addresses probation, but not parole. Section 559.100 addresses probation and parole. As Cornelius is seeking credit for time spent on probation, and not parole,

we need not concern ourselves with the significance, if any, of this variance.

7. *See* section 557.011.2(1).

nal Code which became effective on January 1, 1979. "The provisions of the new Criminal Code are explicated section by section in the Comments of The New Missouri Criminal Code: ·A Manual for Court Related Personnel (1978)." *State v. Lutjen,* 661 S.W.2d 845, 848 (Mo.App. W.D.1983). As section 559.100 was a component of the new Criminal Code, the Manual contains comment reflecting the legislative intent of the statute and its terms. *Cf. Lutjen,* 661 S.W.2d at 848. The comment to the new Criminal Code relating to section 559.036 observed:

> The last sentence of the subsection [referring to section 559.036.3] corresponds with the last sentence of section 549.010(1) RSMo. *Unless the court mitigates any sentence of imprisonment by giving partial or full credit for time served on probation, there is no mitigation.*

Comments of The New Missouri Criminal Code: A Manual for Court Related Personnel (1978) (emphasis added). This comment strongly suggests that the legislature intended a circuit court to exercise its authority to afford credit against a sentence for time spent on probation, *if at all,* at the time a sentence of imprisonment was imposed as a result of a probation revocation. In construing and applying a statute, it "must be presumed that the General Assembly intended to adopt the interpretation of that section contained in the applicable comments" to the code being adopted. *Flores v. State,* 186 S.W.3d 398, 401 (Mo.App. E.D.2006).

Given the redundancy between the authority granted a circuit court to afford credit for time spent on probation by both sections 559.036.3 and 559.100.2, we conclude that our construction of section 559.036.2 is controlling of our construction of section 559.100.2.[8] We can envision no plausible reason to interpret the discretion to afford credit for time spent on probation or parole described in section 559.100.2 differently from the nearly identical discretion described in section 559.036.3. In fact, to do so would lead to absurd results. Given the manner in which the statutes are written, Cornelius could have requested credit for time served on probation under either section 559.036.3 or section 559.100.2. Were we to construe section 559.100.2 to permit a court to afford such credit at anytime, even after a defendant has been committed to the Department of Corrections, then the outcome of a request for credit would vary depending on which statute is relied on to make the request. We do not believe the legislature intended such an incongruent result. *State v. Kraus,* 530 S.W.2d 684, 686–87 (Mo. banc 1975) (holding that statutes relating to similar subject matter should be construed *in pari materia* and considered together.)

We thus conclude that neither section 559.036.3 nor section 559.100.2 *expressly* authorize a circuit court to "take further action" with respect to an otherwise final judgment and sentence. Lest further support for this conclusion be required, we note that when the legislature has intended to authorize a circuit court to "take further action" with respect to an otherwise final judgment and sentence, it has expressed this intent unequivocally. Section 559.115.2 authorizes a circuit court "to grant probation to an offender anytime up to one hundred twenty days *after such offender has been delivered to the department of corrections but not thereafter.*" (Emphasis added.) This statute expressly permits a circuit court to "take

---

8. Section 550.036.3 is redundant with the final sentence in section 559.100.2 at least with respect to probation. As previously noted, section 559.100.2 also permits credit for time spent on parole, while section 559.036.3 is silent on the subject of parole.

further action" with respect to a final sentence, albeit without amending the underlying sentence,[9] even though a defendant has already been committed to the Department of Corrections. In contrast, sections 559.036.3 and 559.100.2 do not expressly afford a circuit court the authority to provide credit against a sentence for time spent on probation *after* a defendant has been committed to the Department of Corrections. Given the unequivocal template employed by the legislature in section 559.115.2 to authorize circuit court action affecting an otherwise final sentence, we are not inclined to conclude that such authority should be implied in sections 559.036.3 and 559.100.2. In fact, the implication of such authority would be the antithesis of the "expressed authority" required by *Ruddy* to permit a circuit court to "take further action" with respect to a final judgment and sentence. 582 S.W.2d at 695.

We are aware that in the case of *Donaldson v. Crawford*, 230 S.W.3d 340 (Mo. banc 2007), our Supreme Court observed that "section 559.100 does not limit the circuit court's determination [to afford credit for time on probation] to the sentence imposed after revocation but, instead, applies to any sentence affected by the time spent on probation." Id. at 343. At first blush, this holding could be read to suggest that a circuit court is also empowered to afford credit for time spent on probation at any time and not just in connection with a probation revocation proceeding. We do not believe *Donaldson* can be read so broadly, however.

In *Donaldson*, a defendant convicted of selling drugs received probation. *Id.* at 341. While on probation, the defendant was arrested for rape and armed criminal

action. *Id.* He escaped from custody but was recaptured. *Id.* He then pled guilty to the escape and was sentenced on that charge. *Id.* When due for release on the escape conviction, the court revoked the defendant's probation on the drug sale conviction, sending him to prison. *Id.* The defendant sought credit from the Department of Corrections against his drug sale sentence for the time served on the escape conviction, claiming the two offenses were related. *Id.* at 342, 343 n. 3. The Supreme Court determined that the Department of Corrections did not have the authority under section 558.031 to afford this credit, even presuming the offenses were related, because Donaldson had been on probation for the drug offense *while he was serving time on the escape conviction. Id.* at 343. Section 558.031 prohibits the Department of Correction from affording credit if section 559.100 applies. Thus, the Supreme Court concluded that section 559.100 provided the exclusive mechanism for permitting credit for such time. *Id.* Specifically, the court concluded that the defendant could only receive credit for the time spent on probation for the drug sale conviction, and even then, only at the discretion of the *sentencing court. Id. Donaldson* thus stands for the limited proposition that where credit is sought for time served on a related offense, the Department of Corrections cannot afford credit if the defendant, at the time he was in prison for the related offense, was also serving probation on another offense. The holding in *Donaldson* merely recognizes the import of section 559.036.1, which provides that:

> [a] term of probation commences on the day it is imposed. Multiple terms of Missouri probation, whether imposed at the same time or at different times, shall

---

9. Affording probation does not alter or amend a sentence. *See, e.g., McCulley v. State,* 486 S.W.2d 419, 423 (Mo.1972) (holding that the granting of parole does not reduce the sentence imposed).

run concurrently. Terms of probation shall also run concurrently with any federal or other state jail, prison, probation or parole term for another offense to which the defendant is or becomes subject during the period, unless otherwise specified by the Missouri court.

We so applied *Donaldson* in *Noltkamper v. Gammon*, 260 S.W.3d 866 (Mo.App. W.D.2008). In *Noltkamper*, a defendant pled guilty to burglary and stealing and was placed on probation. *Id.* at 867. He then pled guilty to tampering, an offense committed on the same day as the burglary and stealing charge, though in a different county, and was placed on probation. *Id.* Five months later, Noltkamper pled guilty to a new stealing charge and was sentenced to seven years in prison. *Id.* His probation on the burglary and stealing convictions was revoked, and he was sentenced to seven years in prison to be served concurrently with the sentence on the new stealing charge. *Id.* Three years later, Notlkamper's probation on the tampering charge was revoked because of the new stealing conviction. *Id.* Noltkamper received a three year sentence on the tampering charge to be served concurrently with the seven year sentences *and was given a ninety-day credit for the time spent on probation by the sentencing court.* *Id.* Noltkamper then filed a petition for mandamus, claiming the Department of Corrections was obliged under section 558.031 to give him credit against the three year tampering sentence for three of the years already served on the burglary and first stealing conviction, because all were related offenses. *Id.* at 867–68. We held that "only the *sentencing court had discretion* to grant Noltkamper credit against his tampering sentence for the time he served on probation." *Id.* at 869 (some emphasis added).

Our reference to "had discretion" in the past tense was not without significance. Neither *Donaldson* nor *Noltkamper* suggested that an inmate who has unsuccessfully sought credit from the Department of Corrections could thereafter return to the sentencing court to seek credit only the sentencing court was authorized to provide. Similarly, in post-conviction relief cases following the January 1, 1979 effective date of section 559.036, Missouri courts routinely rejected efforts by inmates to seek credit for time spent on probation not afforded by (or requested of) sentencing courts at the time of probation revocation, noting that such credit is discretionary and, thus, not a cognizable post-conviction relief claim. *See, e.g., Holman v. State*, 772 S.W.2d 722, 723 (Mo.App. E.D.1989); *Wuebbels v. State*, 770 S.W.2d 479, 481 (Mo.App. S.D.1989); *Chatman v. State*, 766 S.W.2d 174, 175 (Mo.App. E.D. 1989); *Davis v. State*, 712 S.W.2d 50, 52 (Mo.App. E.D.1986); *State v. Gilmore*, 617 S.W.2d 581, 584 (Mo.App. W.D.1981). None of these decisions suggested that an inmate could return to the sentencing court to seek credit for time spent on probation. Such ability (if it existed) would certainly have been relevant in addressing whether the inmate had demonstrated prejudice related to his post-conviction relief claim.

In light of the foregoing, we conclude that section 559.100.2 permits a sentencing court to afford credit for time spent on probation and parole only at the time of execution of a sentence as a result of a probation revocation. Stated differently, we conclude that section 559.100.2 does not *expressly* authorize a court to take further action following the execution of sentence as a result of the revocation of probation or parole. Thus, the Respondent exceeded his authority by entering his October 7, 2010 Order affording Cornelius 852 days

credit against his sentence for time spent on probation.

### Conclusion

We enter our peremptory writ of prohibition and mandamus. The stay of the October 7, 2010 Order is dissolved. Respondent is prohibited from enforcing the October 7, 2010 Order. We remand this matter to Respondent and direct Respondent to vacate the October 7, 2010 Order.

All concur.