

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

KEVIN D. BARNES, )
)
Appellant, )
)
v. ) **WD77440**
)
) **OPINION FILED:**
) **April 21, 2015**
MISSOURI DEPARTMENT OF )
CORRECTIONS, )
)
Respondent. )

**Appeal from the Circuit Court of Cole County, Missouri**
**The Honorable Daniel R. Green, Judge**

**Before Division One:** James Edward Welsh, Presiding Judge, and
Thomas H. Newton and Karen King Mitchell, Judges

Kevin Barnes appeals the grant of summary judgment in favor of the Missouri Department of Corrections (DOC) on his declaratory judgment action, which sought a declaration that he was entitled to 591 days of jail-time credit on his current four-year term of imprisonment arising out of Holt County. Because the trial court committed no error, we affirm.

## Background

On January 21, 2004, Barnes began serving concurrent prison terms of three and seven years, arising out of convictions from Greene and Howell Counties, respectively. Barnes then

went through a series of parole releases and revocations on the sentences until his final parole release on February 22, 2007. In September 2007, Barnes was arrested and charged with two new crimes in Holt County. Consequently, on September 20, 2007, his parole on the Greene and Howell County cases was revoked, and Barnes was delivered to the custody of DOC.

On October 3, 2007, Barnes pled guilty to the Holt County charges and received concurrent terms of four years imprisonment and 30 days in the county jail. The four-year term was imposed under section 559.115,[1] which provides for a 120-day treatment program, at the end of which the individual may be released on probation. Though DOC ultimately deemed Barnes ineligible for treatment, the sentencing court nevertheless chose to suspend the execution of his four-year sentence and place him on a five-year period of probation to commence at the end of the 120-day prison term, which was January 31, 2008.

Despite being placed on probation beginning January 31, 2008, Barnes remained in DOC custody on the Greene and Howell County cases until September 14, 2009, when those sentences were finally completed. At that time, Barnes was released from custody but remained on probation for the Holt County convictions until November 7, 2012, when his probation was revoked. The court then executed the previously imposed four-year prison term. In doing so, the court did not order any probation-time credit to be applied to Barnes's sentence.

After he was delivered to the custody of DOC, Barnes learned that he would not be receiving any jail-time credit from the period of January 31, 2008 (when he was placed on probation for the Holt County charges), through September 14, 2009 (when he was finally released from the Greene and Howell County sentences), even though he had been in DOC custody during those 591 days. Accordingly, Barnes filed a petition for declaratory judgment, seeking declarations:

---

[1] All statutory references are to the Missouri Revised Statutes (2000), as updated, unless otherwise noted.

1)	That the Missouri Department of Corrections, George Lombardi, Director, by its action in failing to credit the sentence of Kevin Barnes #364112 in *State v. Barnes*, Holt 07J9-CR00188-01 with Kevin Barnes' time spent incarcerated in the Missouri Department of Corrections from January 31, 2008-September 14, 2009, is not properly fo1lowing § 558.031.1, RSMo (2000), and Missouri caselaw, including *Goings v. Missouri Department of Corrections*, 6 S.W.3d 906 (Mo. banc 1999), and *State ex. rel Gater v. Burgess*, 128 S.W.3d 907 (Mo. App., W.D. 2004);

2)	That Kevin Barnes' time spent incarcerated in the Missouri Department of Corrections from January 31, 2008[-]September 14, 2009, in *State v. Barnes*, Holt 07J9-CR00188-01 was related to his time spent incarcerated in the Missouri Department of Corrections from January 31, 2008-September 14, 2009 in *State v. Barnes*, Greene 3199CF8845, and *State v. Barnes*, Howell 02CR780604-01, in that Kevin Barnes was incarcerated in the Missouri Department of Corrections from January 31, 2008 to September 14, 2009 for parole violations in *State v. Barnes*, Greene 3199CF8845, and *State v. Barnes*, Howell 02CR780604-01 due to new law violations arising from the actions charged in *State v. Barnes*, Holt CRO0188-01; and

3)	That the Missouri Department of Corrections has no legal authority in failing to credit the sentence of Kevin Barnes #364112 in in [sic] *State v. Barnes*, Holt CR00188-01 with Kevin Barnes' time spent incarcerated in the Missouri Department of Corrections from January 31, 2008-September 14, 2009.

Both parties agreed to the underlying facts, and DOC sought summary judgment, arguing that it lacked authority to grant Barnes the jail-time credit he was seeking because, even though he had been in custody, he was also on probation at the time for the Holt County case. The trial court agreed and granted DOC's motion for summary judgment. This appeal follows.

**Standard of Review**

"We review the grant of summary judgment de novo." *Miller v. Mo. Dep't of Corr.*, 436 S.W.3d 692, 696 (Mo. App. W.D. 2014). "'[S]ummary judgment is appropriate when the moving party establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.'" *Id.* (quoting *Howard v. Mo. Dep't of Corr.*, 341 S.W.3d 857, 858 (Mo. App. W.D. 2011)).

**Analysis**

Barnes raises a single point on appeal. He claims that the court below erred in granting summary judgment because DOC was not entitled to judgment as a matter of law in that the undisputed material facts demonstrated that the time Barnes spent in custody (for which he seeks jail-time credit) on the Greene and Howell County sentences was related to his Holt County offense and he is, therefore, entitled to credit under section 558.031. Because the time Barnes seeks credit for, however, falls within an exception to the mandatory jail-time credit, the circuit court committed no error in granting summary judgment in favor of DOC.

Section 558.031.1 mandates that a person who is sentenced to a term of imprisonment is to "receive credit toward the service of a sentence of imprisonment for all time in prison, jail or custody after the offense occurred and before the commencement of the sentence, when the time in custody was related to that offense." There are, however, three exceptions—one of which is that the award of jail-time credit is subject to the provisions of section 559.100. § 558.031.1(3). Section 559.100.2 provides that, when an individual is placed on probation that is subsequently revoked, the circuit court, at the time of revocation, "may, *in its discretion*, credit any period of probation or parole as time served on a sentence." (Emphasis added.)

Thus, to be entitled to jail-time credit under section 558.031, a person must meet three criteria: (1) he must have been in custody after the offense occurred and before the commencement of the sentence for that offense; (2) his time in custody must have been related to the offense for which he is seeking credit; and (3) he must not be subject to any of the applicable exceptions.

Here, the time for which Barnes seeks credit is the period of January 31, 2008 (the first day of his probationary period on the Holt County charges), through September 14, 2009 (the

4

date he was released from custody on his Greene and Howell County sentences). Given these undisputed facts, we need not address whether Barnes has satisfied the first two criteria of section 558.031 because he has clearly failed to satisfy the third.[2]

In *Donaldson v. Crawford*, 230 S.W.3d 340, 341-43 (Mo. banc 2007), the Missouri Supreme Court addressed the interplay between sections 558.031 and 559.100. There, an inmate was arrested for new crimes while serving probation on a prior conviction. *Id*. at 341. He escaped from custody, but was recaptured. *Id*. After the recapture, he was prosecuted and convicted for the escape, resulting in a prison sentence. *Id*. Upon his release from prison, he was detained for a probation violation on the initial conviction. *Id*. His probation was revoked, and he began serving his prison term on the initial conviction. *Id*. He then sought jail-time credit for the time he spent on probation but in custody on the escape charge. *Id*. at 342. The Court rejected the claim, holding that "[t]he trial court correctly determined that sections 558.031 and 559.100 provide that the sentencing court, not [DOC], determines whether credit should be given when probation is revoked." *Id*. The Court held that "[r]eading the sections together, the time on probation is to be credited as determined by the circuit court under section 559.100 because section 558.031, by its own terms, does not apply."[3] *Id*. at 343.

Following *Donaldson*, this Court, in *Dworaczyk v. Missouri Department of Corrections*, 250 S.W.3d 436, 439 (Mo. App. W.D. 2008), held that, under section 559.100.2, "the MDOC had no authority to grant relief because only the sentencing court could award credit against a

---

[2] Barnes's reliance on *Goings v. Missouri Department of Corrections*, 6 S.W.3d 906 (Mo. banc 1999), and *State ex rel. Gater v. Burgess*, 128 S.W.3d 907 (Mo. App. W.D. 2004), are misplaced. Those cases address only the second criterion—whether the time in custody was related to the offense for which the person seeks credit. Regardless of whether Barnes's time in custody on the Greene and Howell County sentences was related to the Holt County offense, he was not entitled to jail-time credit because he fell within the purview of section 559.100, in that he was on probation for the Holt County offense at the time he was in custody.

[3] The Missouri Supreme Court declined to address the inmate's argument that the time in custody was related to the offense for which he was seeking credit: "Because of the Court's resolution of the exception provided by section 558.031, it is not necessary to determine whether the offenses are related." *Donaldson v. Crawford*, 230 S.W.3d 340, 343 n.3 (Mo. banc 2007).

prison sentence for time spent on probation." And in *Noltkamper v. Gammon*, 260 S.W.3d 866, 869 (Mo. App. W.D. 2008), we held that "[s]ection 559.100 is expressly listed as an exception to Section 558.031 and takes precedence in a situation where the defendant seeks credit for 'any period of probation or parole as time served on a sentence.'" (quoting § 559.100.2).

Here, because Barnes was on probation for the Holt County case during the time period for which he seeks credit, section 559.100 applies and "takes precedence" over the provisions of section 558.031 upon which Barnes relies. *Noltkamper*, 260 S.W.3d at 869. And because the trial court did not award Barnes any credit for the time he was on probation at the time of his revocation,[4] it is beyond DOC's authority to grant him credit for that time now. Accordingly, DOC was entitled to judgment as a matter of law on Barnes's claims.

## Conclusion

The circuit court did not err in granting summary judgment in favor of DOC. Its judgment is affirmed.

Karen King Mitchell, Judge

James Edward Welsh, Presiding Judge,
and Thomas H. Newton, Judge, concur.

---

[4] *See State ex rel. Scroggins v. Kellogg*, 335 S.W.3d 38, 43 (Mo. App. W.D. 2011) (the authority granted a circuit court to afford credit for time spent on probation is "to be exercised, if at all, at the time of a probation revocation proceeding resulting in the imposition of a sentence of imprisonment").

6